UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTENO-GAMEZ,<br><br>    Defendant. | Case No. 18-cr-00204-SI-1<br><br>**ORDER DENYING MOTIONS TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>Re: Dkt. No. 35 |

Defendant-petitioner is currently serving an 84-month prison sentence at Reeves County Detention Center in Pecos, Texas. Petitioner filed the instant motions to reduce sentence pursuant to 18 U.S.C. § 3582 and to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner filed both motions under case no. 16-cr-218. However, he was sentenced under case no. 18-cr-204, and that is the case/sentence defendant's motions pertain to. The Court is therefore issuing its order under case no. 18-cr-204.[1] The Court hereby DENIES both motions.

**BACKGROUND**

Petitioner is a citizen of Honduras. 18 Dkt. No. 33 at 6 (Opp.). He has been removed and deported from the United States on five separate occasions. *Id.* Most recently, he was deported due to a 2016 felony conviction in this District (16-cr-218), for which he was sentenced to a prison term of one year and one day, with three years of supervised release. *Id.* On April 26, 2017, after having completed his prison term, petitioner was deported to Honduras. *Id.*

---

[1] The Court will refer to ECF docket entries under 16-cr-218 using the citation "16 Dkt. No." and docket entries under 18-cr-204 using the citation "18 Dkt. No."

On May 16, 2018, petitioner was arrested due to an SFPD investigation regarding a 2016 homicide. *Id.* at 6. Petitioner was not charged with any crime related to this investigation. *Id.* However, due to this arrest, petitioner's probation officer discovered petitioner violated the terms of his supervised release by reentering the United States illegally. *Id.* On April 17, 2018, the Court authorized an arrest warrant for petitioner due to his supervised release violation. *Id.*

The next day, April 18, 2018, petitioner was arrested in San Francisco not for his supervised release violation, but for selling controlled substances. *Id.* At the time of the arrest, petitioner was less than 1,000 feet from an elementary school. *Id.* On May 17, 2018, petitioner was charged with three counts of possession with intent to distribute a controlled substance within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) and 21 U.S.C. § 860(a), and with one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). 16 Dkt. No. 41 at 1-2. (Mot. to Vacate); 18 Dkt. No. 33 at 7 (Opp.). On May 30, 2018, the Court related petitioner's new indictment (18-cr-204) to petitioner's pending supervised release violation under 16-cr-218. 18 Dkt. No. 33 at 7 (Opp.). On June 22, 2018, petitioner was convicted under 18-cr-204, having pleaded guilty to all charges and admitted to violating the conditions of his supervised release. 18 Dkt. No. 25 at 3 (Sentencing Transcript); 18 Dkt. No. 15 at 5 n.2 (Petitioner's Sentencing Memorandum).

In its Presentence Report, the Probation Office determined petitioner's total offense level was 31 using the 2016 sentencing guidelines. 18 Dkt. No. 33 at 7-8 (Opp.); 16 Dkt. No. 41 at 2 (Mot. to Vacate). The Office deemed petitioner a Career Offender based on his two prior felony convictions for controlled substances, which gave him a base offense level of 34; this base offense level was reduced by 3 because he accepted responsibility for his crimes. *Id.* Petitioner's status as a Career Offender put him at a criminal history category of VI. 16 Dkt. No. 41 at 2 (Mot. to Vacate). The relevant advisory guideline range for an offender with a criminal history category of VI is 188 to 235 months imprisonment. 18 Dkt. No. 33 at 8 (Opp.); 18 Dkt. No. 25 at 6-7 (Sentencing Transcript).

At petitioner's sentencing hearing, the Probation Office recommended a term of 125 months imprisonment, which was a downward variance. 18 Dkt. No. 33 at 7. The government

1  recommended 188 months imprisonment, which was on the low-end of the guideline range. *Id.*; 18
2  Dkt. No. 25 at 6 (Sentencing Transcript). Petitioner raised policy objections to his classification as
3  a Career Offender and asked the Court to instead rely on the non-Career Offender ("natural")
4  guideline range for sentencing. 18 Dkt. No. 25 at 9 (Sentencing Transcript). Ultimately, petitioner
5  requested the Court sentence him to 48 months imprisonment. *Id.* He argued a downward variance
6  was warranted because : (1) Petitioner's Career Offender enhancement for prior drug offenses was
7  unreasonable as a policy matter (2) gang violence in Honduras caused petitioner to repeatedly leave
8  the country in search of gainful employment (3) petitioner took full responsibility for his crimes by
9  pleading guilty without a plea agreement, thus waiving his right to bring pretrial motions; and (4)
10 his objections to the guideline errors in his Presentence Report justify a downward variance.[2] *Id.*;
11 18 Dkt. No. 15 at 11-17 (Petitioner's Sentencing Memorandum).

12       The Court varied downward to 84 months, acknowledging that petitioner was not a "kingpin
13 of the drug industry" but a low-level offender that partially kept dealing to feed his own addiction.
14 18 Dkt. No. 15 at 16 (Petitioner's Sentencing Memorandum).

15       Petitioner filed an appeal, in which he argued the Court's natural guideline calculation was
16 inaccurate. *See* 18 Dkt. No. 28 at 2 (Ninth Circuit Memorandum). The Ninth Circuit rejected
17 petitioner's appeal, finding that the natural guidelines were not applicable to him. *Id.* at 2-3. It
18 upheld the District Court's designation of petitioner as a Career Offender due to him having at least
19 two prior felony convictions for controlled substances. *Id.*

20       Petitioner filed the instant motions collaterally attacking his sentence under 18 U.S.C.
21 § 3582(c)(2) and 28 U.S.C. § 2255. 16 Dkt. No. 41 (Mot. to Reduce); 16 Dkt. No. 42 (Mot. to

---

[2] Petitioner raised three objections to the guideline calculation in the Probation Officer's Presentence Report: (1) the Court incorrectly gave petitioner a four-level enhancement for sustaining a criminal conviction before his first deportation or removal order because his first conviction was sustained after a voluntary departure; (2) the Court incorrectly gave petitioner one additional offense level as a multiple count adjustment, as his convictions for intent to distribute controlled substances and illegal reentry should be grouped; and, (3) the Court engaged in impermissible double counting by adding two criminal history points to petitioner's criminal history score, bringing him to a natural criminal history category of V when he should be at IV. 18 Dkt. No. 25 at 4-12 (Sentencing Transcript).

Vacate). In his motion to reduce sentence, petitioner argues: (1) the 2018 Sentencing Commission amendments changed the illegal reentry guidelines for non-Career Offenders by reducing enhancement levels for criminal conduct before a defendant's first deportation, thus making petitioner's four-level enhancement under U.S.S.G. § 2L1.2(b)(2)(D) incorrect; (2) his controlled substance offenses should group with his illegal reentry offenses; and (3) the additional criminal point he was assessed pursuant to §4A1.1 constituted impermissible double counting. *Id.* at 3-5.

In the latter motion, petitioner requests the Court vacate, set aside, or correct his sentence due to ineffective assistance of counsel. 16 Dkt. No. 42 at 4-8 (Mot. to Vacate). Petitioner argues he received ineffective assistance because his counsel (1) failed to file a pre-trial motion, (2) failed to secure a more favorable plea agreement, (3) failed to request a "Fatico" (evidentiary) hearing, and (4) failed to raise grounds petitioner wanted raised on appeal. *Id.*

## LEGAL STANDARD

### I. Motion to Reduce Sentence

As amended by the First Step Act, 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed." However, an exception exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.§ 3582(c)(2). "In those circumstances, § 3582(c)(2) authorizes a court to reduce the term of imprisonment 'if such a reduction is consistent with' applicable Commission policy statements." *Dillon v. United States*, 560 U.S. 817, 819 (2010). A "sentence reduction is not authorized under section 3582(c)(2) unless a listed amendment lowers the Guidelines range 'applicable to' the defendant. The 'applicable' Guidelines range is the correctly calculated, pre-variance range." *United States v. Quintero*, 797 Fed.Appx. 335, 336 (9th Cir. 2020) (quoting U.S.S.G. § 1B1.10(a)(2) & cmt. n.1(A)). "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 560 U.S at 825.

### II. Motion to Vacate, Set Aside, or Correct Sentence Due to Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him to show deficient performance and prejudice. Deficient performance requires a showing that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To establish prejudice, petitioner must demonstrate a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Judicial scrutiny of counsel's performance must be highly deferential, and a court must apply a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. Reasonableness is assessed, not based on what defense counsel could have done, but rather on whether the choices that defense counsel made were reasonable in light of all attendant circumstances. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *See Strickland*, 466 U.S. at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995) (applauding district court's refusal to consider whether counsel's conduct was deficient after determining that petitioner could not establish prejudice).

## DISCUSSION

### I. Motion to Reduce Sentence

Petitioner argues the Court erroneously applied a four-level enhancement to his guideline calculation under U.S.S.G. § 2L1.2(b)(2)(D), and that he is thus eligible for a sentence reduction because the 2018 Sentencing Commission amendments changed the relevant illegal re-entry guidelines for non-Career Offenders. 16 Dkt. No. 41 at 3 (Mot. to Reduce).

Petitioner's sentence was calculated based on his status as a Career Offender, which "superseded any other calculations." 18 Dkt. No. 28 at 2 (Ninth Circuit Memorandum). At

sentencing, the Probation Office recommended petitioner receive a four-level enhancement to his offense level based on his *natural guideline* range pursuant to U.S.S.G. § 2L1.2(b)(2)(D), for having sustained a felony conviction before being "ordered deported or ordered removed from the United States for the first time." 2L1.2(b)(2)(D). The Court, however, determined that petitioner was a Career Offender based on having at least two prior felony convictions for controlled substance offenses, and sentenced him in accordance with the *Career Offender guidelines*. 18 Dkt. No. 25 at 16-17 (Sentencing Transcript). On appeal, the Ninth Circuit upheld the district court's determination of petitioner's Career Offender status. 18 Dkt. No. 28 at 2 (Ninth Circuit Memorandum). Thus, all amendments made by the Sentencing Commission regarding the natural guideline range are inapplicable to the petitioner.

Further, even if the Court deemed petitioner a non-Career Offender and sentenced him based on the natural guideline range, the 2018 Sentencing Commission amendments would not invalidate the four-level enhancement. U.S.S.G. § 2L1.2(b)(2)(D) provides: "if, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in" a "conviction for any other felony offense (other than an illegal reentry offense)" the base offense level should be increased by "4 levels." As stated by petitioner himself, his "first criminal conviction in July 2009 predated the entry of his first formal removal order in August 2009." 18 Dkt. No. 15 at 8 (Petitioner's Sentencing Memorandum). Petitioner argues the fact that he ultimately stipulated to voluntary departure, and thus no removal order was formally entered, means he did not actually sustain a conviction prior to a formal removal. 16 Dkt. No. 41 at 3 (Mot. to Reduce). The Court finds this reasoning unconvincing, as it did during sentencing. Petitioner's ultimate voluntary departure does not change the fact that he committed a felony before being ordered deported or removed from the United States, even if no formal order was entered. Thus, petitioner's argument regarding the four-level enhancement fails even if he were sentenced pursuant to the natural guideline range.

Petitioner makes two additional claims in his motion to reduce sentence: (1) the Court should have grouped his controlled substance and illegal reentry offenses; and (2) the Court engaged in impermissible double counting by adding a criminal point pursuant to §4A1. *Id.* at 4-5. These

6

claims are based on a misunderstanding of the law. The Court is not authorized to resentence under § 3582(c)(2). *Dillon,* 560 U.S. at 831. "Instead, it permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) shall substitute the amended Guidelines range for the initial range and shall leave all other guideline application decisions unaffected." *Id.* Since petitioner's additional two claims are based on parts of his sentence that were not altered by the Sentencing Commission's amendments, "they are outside the scope of the proceeding authorized by § 3582(c)(2)" and the Court need not address them. *Id.*

## II. Motion to Vacate, Set Aside, or Correct Sentence Due to Ineffective Assistance of Counsel

### a. Counsel's Failure to File a Pre-Trial Motion

A difference of opinion as to trial tactics does not constitute denial of effective assistance,[3] and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *See Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Federal courts should not overlook the "wide latitude counsel must have in making tactical decisions"; therefore, there are no "strict rules" for counsel's conduct "[b]eyond the general requirement of reasonableness." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1406-07 (2011) ("'No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions . . . .'") (quoting *Strickland*, 466 U.S. at 688-89) (internal quotation marks omitted).

Further, a lawyer need not file a motion that she knows to be meritless on the facts and the law. *See Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999) ("to show prejudice under *Strickland* from failure to file a motion, [a petitioner] must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him.").

---

[3] *See United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) ("Mayo's allegations amount to nothing more than a difference of opinion with respect to trial tactics. That alone generally does not constitute a denial of effective assistance of counsel.").

Petitioner's claim fails under both *Strickland* prongs. First, petitioner's counsel's assistance was objectively reasonable. His counsel had him offer unconditional guilty pleas, thus waiving his rights to file any pre-trial motions that could have resulted in dismissal of some of his charges, in order to encourage the Court to impose a lighter sentence than petitioner's criminal history would warrant under the relevant guidelines. 18 Dkt. No. 15 at 17 (Petitioner's Sentencing Memorandum). Petitioner's counsel understood having to reappear before the Court for controlled substance and illegal reentry offenses after having just been sentenced by the Court two years prior did not look favorably for petitioner.[4] The decision to offer unconditional guilty pleas was made in the "hopes that [petitioner's] actions in demonstrating his acceptance of responsibility will speak louder than any words could." *Id.* The Court finds petitioner's counsel's decisions "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

Further, petitioner offers no evidence of prejudice. He does not show the Court would have granted his pre-trial motions had he not pleaded guilty and filed them, or that filing pre-trial motions would have resulted in a more favorable outcome. Had petitioner's counsel filed any motion, it would have been for dismissal of his illegal reentry count[5]—however, petitioner's guideline range was calculated based on his status as a Career Offender. Thus, even if petitioner's counsel did file a pre-trial motion, petitioner has not shown he would not have pleaded guilty and that there is a reasonable probability the outcome of his case would have been different.

### b. Counsel's Failure to Secure a Favorable Plea Agreement

"Plea bargaining is a critical stage of a criminal proceeding, during which the advice of counsel is important. Adequacy of counsel can be evaluated on the basis of a lawyer's performance at that stage of the proceeding." *Brown v. Doe*, 2 F.3d 1236, 1246 (2nd Cir. 1993). However, "[t]here is no constitutional right to plea bargain" and "it is not necessary that the defendant have

---

[4] "Mr. Centeno recognizes the terrible mistake that he made in again coming back to the United States and resuming his low-level drug dealing, after promising that he would not do so, and he is ashamed to find himself back now before the Court." 18 Dkt. No. 15 at 17 (Sentencing Memorandum).

[5] 18 Dkt. No. 33 at 15 (Opp.).

8

1  counsel who recommends that a plea bargain be pursued." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *Brown*, 2 F.3d at 1246. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). But, "[w]hether to offer a particular deal is a matter of prosecutorial discretion." *United States v. Parker*, 2016 WL 2654354, at*6 (E.D. Cal. May 10, 2016).

Petitioner argues his counsel was ineffective for not securing a favorable plea deal for him, despite being asked by petitioner to do so. However, he presents no evidence that the prosecution engaged in plea negotiations, himself stating that the record did "not reflect several offers of plea agreement accept [sic] the plea agreement petitioner signed under duress." 16 Dkt. No. 42 at 5 (Mot. to Vacate). Since "defense counsel who otherwise effectively represents a criminal defendant has no obligation to initiate plea negotiations," petitioner has failed to demonstrate that his counsel's assistance was defective in this regard. *Baretto v. Giurbino*, No. CV 03-4635-DSF, 2008 WL 591045, at *6 (C.D. Cal. Feb. 13, 2008).

Petitioner also states his plea agreement was signed "under duress." 16 Dkt. No. 42 at 5 (Mot. to Vacate). "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir.1997); see also *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Lemaster*, 403 F.3d 216, 220-221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.") (internal quotation marks and citation omitted).

Petitioner's plea application clearly states:

> I confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this application. I offer my plea of "GUILTY" freely and voluntarily and of my own accord, and with full understanding of all the matters set forth in the indictment/information, in this application, and in the certificate of my lawyer which is attached to this application.

9

18 Dkt. No. 10 at 5 (Plea Application). Since "petitioner's statements at the plea colloquy carry a strong presumption of truth" and he has not offered any evidence he unwillingly pleaded guilty, this is not a case where "extraordinary circumstances" require the court to reconsider the veracity of petitioner's prior statements. *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012)

Further, even if petitioner was able to demonstrate his counsel's lack of plea bargaining was objectively unreasonable, he fails to show prejudice. For a petitioner to demonstrate that his counsel's failure to engage in plea bargaining was prejudicial, he must demonstrate that "the government was willing to offer, and he was willing to accept, a favorable plea bargain." *Gabay v. Woodford*, 418 Fed.Appx. 649, 651 (2011); *see also Jones v. Wood*, 114 F.3d 1002, 1012 (1997) ("[I]n order to prove prejudice where counsel fails to inform the petitioner about a plea offer, the petitioner must prove there was a reasonable probability he would have accepted the offer."). Petitioner makes no showing that the government had an offer on the table, or that, had the government made an offer, petitioner would have accepted.

### c. Counsel's Ineffective Assistance at Sentencing

Petitioner makes two claims for why his counsel was ineffective at sentencing: (1) his counsel failed to request a "Fatico" (evidentiary) hearing, and (2) his counsel failed to show that he improperly received an enhancement for sustaining a conviction before his first removal order because he actually stipulated to a voluntary departure and thus no formal removal order was entered. 16 Dkt. No. 42 at 7 (Mot. to Vacate).

Petitioner's first claim is false; his counsel did request an evidentiary hearing in his sentencing memorandum. 18 Dkt. No. 15 at 6 (Petitioner's Sentencing Memorandum). This hearing was requested because the Presentence Report contained an unsubstantiated allegation that petitioner was involved in a homicide in April 2016; petitioner was misidentified as a suspect during the homicide investigation and was never charged with the crime. *Id.* Petitioner's counsel requested that if the Court chose to consider this allegation during sentencing, an evidentiary hearing be held "to resolve the dispute." *Id.* However, the government agreed the Court should not rely on this allegation when sentencing, and the Court ultimately did not. 18 Dkt. No. 25 at 4, 12 (Sentencing

10

Transcript). Once this issue was settled, there were no remaining factual disputes. Since petitioner's counsel did request an evidentiary hearing, and petitioner does not present any remaining unresolved factual disputes that could have been addressed at such a hearing, he fails to show that his counsel's assistance was objectively unreasonable. Further, he fails to show prejudice—he offers no proof an evidentiary hearing would have affected his decision to plead guilty, or that it would have been reasonable for him to do so.

Petitioner's second claim is unsubstantiated. Not only did his counsel thoroughly object to the four-level enhancement in his sentencing memorandum and during sentencing, he also filed an appeal raising this issue specifically. 18 Dkt. No. 15 at 7-8 (Petitioner's Sentencing Memorandum); 18 Dkt. No. 25 at 4-5 (Sentencing Transcript); 18 Dkt. No. 28 at 2 (Ninth Circuit Memorandum). Accordingly, petitioner fails to demonstrate his counsel's assistance was objectively unreasonable in this regard, or that this assistance prejudiced him.

### d. Counsel's Ineffective Assistance on Appeal

"A claim for ineffective assistance of appellate counsel must establish the *Strickland* factors—i.e., objective unreasonableness and prejudice." *United States v. Withers*, 231 F.Supp.3d 524, 528 (C.D. Cal. 2017) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). Appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by petitioner. *See Jones v. Barnes,* 463 U.S. 745, 751–54, 103 S. Ct. 3308, 77 L.Ed.2d 987 (1983); *Gerlaugh v. Stewart,* 129 F.3d 1027, 1045 (9th Cir.1997); *Miller,* 882 F.2d at 1434 n. 10. The "weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Miller*, 882 F.2d at 1434. Declining to raise a weak issue will therefore often both demonstrate an objective level of competence and fail to be a cause of prejudice to the client. *See id.*

Petitioner argues his counsel was ineffective during the appeal process because "he did not discuss, raise or argue the grounds petitioner have [sic] asked him to raise on his appeal." 16 Dkt. No. 42 at 8 (Mot. to Vacate). He explains his counsel stopped communicating with him before his appellate brief was submitted because petitioner did not agree with the issues his counsel planned

to raise. *Id.* Further, he argues "there was serious conflict of interest between petitioner and his ex-counsel." *Id.*

Petitioner fails to satisfy either of the *Strickland* prongs. First, he does not demonstrate his counsel's assistance was objectively unreasonable. Petitioner's disagreement with his counsel does not mean his counsel's performance was inadequate; if anything, his counsel's decisions during appeal suggest he was "weeding out weaker issues" to focus on legally viable ones. *Miller*, 882 F.2d at 1434; *see Smith v. Murray*, 477 U.S. 527, 527 ("A deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to adhere to a State's rules for the fair and orderly disposition of its criminal cases."). Petitioner states that he and his counsel had a "conflict of interest" but fails to elaborate on what exactly he means. Since "mere conclusory statements by the petitioner do not justify a hearing," the Court finds no basis for finding that petitioner's counsel was objectively unreasonable. *Baumann v. United* States, 692 F.3d 565, 571 (9th Cir. 1982).

For petitioner to demonstrate his counsel's assistance was prejudicial on appeal he "must show that there is a reasonable probability that he would have prevailed on his appeal but for appellate counsel's unprofessional errors." *Withers*, 231 F.Supp.3d at 529. Petitioner has made no such showing. On appeal, petitioner's counsel raised a single claim: petitioner should not have received the four-level enhancement pursuant to U.S.S.G. §2L1.2(b)(2)(D) for sustaining a conviction before his first removal or deportation order from the United States. However, the Court sentenced petitioner based on his status as a Career Offender due to having at least two prior felony convictions for controlled substance offenses, "which superseded any other calculation, including the enhancement Centeno-Gamez is challenging on appeal." 18 Dkt. No. 28 at 2 (Ninth Circuit Memorandum). The Ninth Circuit held "the district judge did not err in sentencing Centeno-Gamez as a career offender." *Id.* Nothing in petitioner's motion suggests he would have prevailed on his appeal but for his counsel's performance.

\\
\\
\\

# CONCLUSION

The court hereby DENIES petitioner's motions to reduce sentence and to vacate, set aside, or correct sentence.

**IT IS SO ORDERED**.

Dated: July 15, 2020

SUSAN ILLSTON
United States District Judge