UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>           Plaintiff,<br>    v.<br>CENTENO-GAMEZ,<br>           Defendant. | Case No. 18-cr-00204-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 39 |

On December 14, 2020, defendant filed a *pro se* motion for compassionate release. Dkt. No. 39. On January 27, 2021, defendant was appointed counsel. Dkt. No. 41. On April 1, 2021, defendant's appointed counsel indicated that defense counsel had nothing to add to defendant's *pro se* motion. Dkt. No. 51. The government filed an opposition to defendant's motion on April 9, 2021. Dkt. No. 52. On April 30, 2021, the Court heard oral arguments on defendant's motion. For the reasons set forth below, the Court **DENIES** defendant's motion without prejudice to renewal in the event defendant's health significantly deteriorates.

**BACKGROUND**

On June 22, 2018, defendant pled guilty to three counts of possession with intent to distribute a controlled substance within 1,000 feet of a school and one count of illegal reentry following removal. Dkt. No. 11. On October 4, 2018, the Court sentenced defendant to a total of eighty four months in custody with the Bureau of Prisons ("BOP") and six years of supervised release. Dkt. No. 18. The Court also recommended defendant participate in BOP's Residential Drug and Alcohol Treatment Program ("RDAP") and mental health treatment. *Id*. Defendant is thirty-nine years old, currently incarcerated at Reeves County Detention Center in Texas, a private contracted facility,

and is anticipated to be released on April 3, 2024. Dkt. No. 39 at 2; Dkt. No. 52 at 1-2. Defendant has served approximately 40% of his sentence. Dkt. No. 52 at 2.

On December 14, 2020, defendant filed a *pro se* motion for compassionate release. Dkt. No. 39. On April 1, 2021, the government filed an opposition. Dkt. No. 51.

## LEGAL STANDARD

As amended by the First Step Act, that 18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[1] may inform a district court . . . [but] are not binding." *United States v.*

---

[1] Section U.S.S.G. § 1B1.13 states:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13

*Aruda,* No. 20-10245, 2021 WL 1307884, at *11 (9th Cir. Apr. 8, 2021).

## DISCUSSION

Defendant argues his confinement during the COVID-19 pandemic and medical conditions are extraordinary and compelling reasons that warrant compassionate release. Dkt. No. 39 at 14-25. Defendant argues his hypertension, benign prostate hyperplasia, depression, anxiety, high blood pressure, and a hernia place him at increased risk of suffering serious illness or death if he contracted COVID-19. *Id.* at 14-17. During oral argument, defense counsel represented that defendant is experiencing stomach pains and is not receiving proper medical treatment. Moreover, defendant asserts he is not a danger to the community because his release plan involves returning to Honduras pursuant to a U.S. Immigration and Customs Enforcement detainer. *Id*. at 25-29. Defendant also argues he has behaved well while in custody and completed some of BOP's programs, such as the pre-release program. *Id*. at 2.

The government argues no extraordinary or compelling reasons warrant release. The government argues defendant's medical conditions are not reflected in defendant's medical records. Dkt. No. 52 at 9 (citing Bloome Decl. (Ex. C)). The government asserts defendant failed to exercise self-care against COVID-19 by declining to receive a COVID-19 vaccine. *Id*. The government also argues defendant's release would be a danger to the community because defendant has a history involving drugs and has illegally entered and been deported from the United States five times. Dkt. No. 52 at 13.

After carefully considering the parties' arguments, the Court finds that compassionate release is not warranted at this time. The Court is concerned about the spread of COVID-19 in federal prison and is gratified that a COVID-19 vaccine is available to defendant. The Court commends defendant for his good behavior while in custody. However, the Court is concerned about defendant's release plan given defendant's history of illegal reentry into the United States and deportation. Moreover, defense counsel represented during the hearing that defendant had not completed RDAP. Although the Court is concerned that defendant is not receiving proper treatment for his stomach pains, the parties agreed to inquire into BOP's medical care of defendant and pursue

proper treatment for defendant's stomach pains.

Accordingly, the Court **DENIES** defendant's motion for compassionate release. Defendant's motion is denied without prejudice to renewal in the event defendant's health significantly deteriorates. The parties will inquire into BOP's medical care of defendant and pursue proper treatment for defendant's stomach pains.

**IT IS SO ORDERED**.

Dated: April 30, 2021

SUSAN ILLSTON
United States District Judge